UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ELVIN GONZALEZ MELENDEZ**
Plaintiff

**CIVIL NO. 04-1067(DRD)**

v.

**K-MART CORPORATION**
Defendant

## ORDER

Pending before the Court is non-party to this action and petitioner Mr. Robert Cortinas Higgins's *Urgent Motion to Quash Subpoena*. (Docket No. 32). Mr. Cortinas, Store Manager of K-Mart Store No. 7783, informs the Court that, on December 14, 2004, he was served with a subpoena to appear the next day, December 15, 2005, for the taking of his deposition by plaintiff. Petitioner's motion remains unopposed.

Mr. Cortinas explains to the Court that summoning him to attend said deposition with only a single day of previous warning breaches that set forth by Fed.R.Civ.P. 45(c)(3)(A). Moreover, the untimely serving of the subpoena clearly makes impossible for him to properly organize and/or reschedule his numerous professional ans personal commitments in preparation for his attendance at the deposition, and inevitable absence form his work during the Christmas Season, all of which presents an undue burden for him as the Store Manager of the store with the highest bulk of business in Puerto Rico.

Motions to quash are governed by the provisions of Fed.R.Civ.P. 45. More specifically, as petitioner has submitted to the Court, subsection (c)(3)(A) provides that a court may quash a subpoena if it "fails to allow a reasonable time for compliance;" or "subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(i) and 45(c)(3)(A)(iv), respectively. Accordingly, the Court finds that plaintiff has unreasonably failed to comply with Rule 45 in his attempt to depose a non-party witness in the instant case. It seems evident, more so unquestionable, that sufficient time must be given to any person subpoenaed to appear at a taking of deposition for him or her to make adequate alternate arrangements for that already scheduled on the date he or she is being subpoenaed to appear. Clearly, plaintiff cannot presume a store manager, or any other person, for that matter, capable of canceling and rearranging pre set commitments with only **one (1) day** of previous warning, particularly if said deponent is not a party to the action. Such short notice incontestably places an undue burden on any party or person to appear in clear violation of the dispositions set forth by the Federal Rules of Civil Procedure.

However, upon review of the record, the Court notes that Mr. Cortina's deposition was taken on February 8, 2005. See *Motion Requesting Sanctions for Defendant's Contemptuos* [sic] *Conduct Pursuant to Fed.R.Civ.P. 16(F)*, Docket No. 37, at 2, ¶ 2. Consequently, Mr. Robert Cortina Higgins's request to quash subpoena (Docket No. 32) is **GRANTED/MOOT**.

**IT IS SO ORDERED.**

Date: May 31, 2005

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**