## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ELVIN GONZALEZ MELENDEZ,**
Plaintiff,

v.                                                                    **CIVIL NO. 04-1067(DRD)**

**KMART CORPORATION,**
Defendant

### ORDER

Pending before the Court is plaintiff's *Motion for Brief Extension of Time to File Opposition to Motion for Summary Judgment*. (Docket No. 47). Through said motion, plaintiff moves the Court to extend previously set case management orders relating to the filing of their opposition to summary judgment until June 13, 2005. Counsel proffers as her basis for the request that she "has been attending a complex trial in Arecibo State Court", that "co-counsel has been moving his office to a new facility and in the moving process computer and communication system failure resulted on [sic] losing all his electronic information needed and pertinent to the preparation of the opposing documents", and, finally, that "Defendant in this case filed a motion for judgment on the pleadings, which was opposed today, [and] this opposition took valuable time away from the undersigned." *See Motion*, Docket No. 47, at 3-4, ¶¶ 4, 6, and 7. Defendant duly opposed said request. Subsequently, on June 13, 2005, plaintiff once again requested yet another extension of time to file said opposition. This time, plaintiff argued that "counsel has been diligently working on the same, but still requires a brief extension of time, that is until early tomorrow morning to conclude the same" without further explanation. *See Second Motion*, Docket No. 51, at 1, ¶ 4. The Court notes that, **without this Court having authorized plaintiff's requests**, plaintiff filed his *Opposition to Defendant's Motion for Summary Judgment* on June 14, 2005 – twelve (12) days after having expired the time period allotted by the Court. (Docket No. 52).

Also pending before the Court is defendant's *Motion to Strike Opposition to Motion for Summary Judgment* wherein defendant moves the Court to strike plaintiff's opposition to summary judgment motion for it having been filed in an untimely fashion. (Docket No. 54). Defendant purports that plaintiff's excuse of attending a complex trial in State Court should not be accepted, first, because precedent case law has determined that a hectic professional schedule is not a certified showing of good cause, and, second, because the complex trial in State Court is also against the herein defendant and that did not cause defendant to be untimely in his compliance with case management deadlines. Moreover, defendant explains that "moving into a new office" – as had plaintiff informed in his request – cannot, in any way, satisfy the threshold of making a certified showing of good cause given that "two different legal offices are handling Plaintiff's legal counsel and none [sic] of the two complied with the deadline". *See Motion to Strike*, Docket No. 54, at 6, ¶ 1. Finally, defendant contends that plaintiffs blatant failure to comply with this Court's orders and with Local Rules is prejudicial due to, if allowed, plaintiff having had an additional opportunity to

oppose the motion for partial summary judgment – an undue advantage thereby sanctioning defendants for having timely complied with the Court's orders.

On May 25, 2004 the Court issued the instant case's management order wherein the parties were provided until December 31, 2004 to conclude all discovery procedures.  Furthermore, the parties granted until January 31, 2005 and March 2, 2005 to file summary judgment and oppositions thereto.  *See Minute*, May 25, 2004, Docket No. 25.  Notwithstanding the parties having had seven (7) months to conclude discovery and an additional month to file dispositive motions, the parties, albeit jointly, requested from the Court that the deadlines imposed during the Initial Scheduling Conference be extended.  (Docket No. 34).  Subsequently, the Court issued the following order:

> ORDER.  The parties in the instant case have jointly requested an extension of the deadlines imposed at the Initial Scheduling Conference.  The parties have informed the Court that[,] although they have been actively engaged in the discovery proceedings for the instant case, several discovery disputes, that they have successfully resolved without the intervention of this Court, have impeded the conclusion of the same within the Court imposed deadline.  Further, they are actively engaged in settlement negotiations[ ] which will benefit from the extension since it would avoid the incurring in any additional expenses.  The Court agrees[.] [A]ccordingly[,] the parties' request for an extension of time (Docket No. 34) is hereby GRANTED.  The new deadlines are as follows: Cut Off Date for all discovery proceedings shall be March 31, 2005.  The deadline for dispositive motions shall be May 2, 2005.  Oppositions shall be filed on or before June 2, 2005. NO EXTENSIONS SHALL BE GRANTED. [...]

*Order*, Docket No. 35.

Disregarding the Court's generosity having extraordinarily extended all case management deadlines, and clear warning that it would not be further extending said deadlines, Plaintiff now wishes for the Court to, once again, dely the proceedings in the instant case without even having shown – let alone certified – good cause.  Plaintiff only rests on having had too much work, electronic difficulties, and the moving of counsel's offices.  The Court reminds parties that it is bound by First Circuit case law which clearly resolves that this Court shall only extend previously set deadlines after a **certified** showing of good cause as to why the deadline cannot be reasonable met despite the certified diligence of the party seeking the extension.  O'Connell v. Hyatt, 357 F.3d 152, 154 (1st Cir. 2004).  Furthermore, the Court reminds the parties that having too many cases to handle is not an excuse to fail to comply with this Court's orders.  The Court has consistently refused to accept such excuses.  *See* Méndez v. Banco Popular de P.R., 900 F.2d 4,8 (1st Cir. 1990); Pinero Schroeder v. FNMA, 574 F.2d 1117,1118 (1st Cir. 1978).  "The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order". Chamorro v. Puerto  Rican Cars INC, 304, F.3d 1, 5 (1st Cir. 2002).  This mandate to the undersigned means: "Too many fish to fry is no excuse to fail to comply".  Accordingly, plaintiff's requests (Docket Nos. 47, and 51) are **DENIED**.  **All previously scheduled hearings and deadlines stand.**

Finally, pursuant to that resolved herein, defendant's *Motion to Strike Opposition to Motion for Summary Judgment* (Docket No. 54) is **GRANTED**, thus, plaintiff's *Opposition to Defendant's Motion for Summary Judgment* (Docket No. 52) is **STRICKEN** from the record; *Informative Motion and Requesting Permission to File Reply to SMUF Under Seal* (Docket No. 53) is **MOOT**; defendant's *Motion Requesting Leave to Reply to Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment* (Docket No. 56) is **MOOT**; and plaintiff's *Request for Leave to Submit Exhibits in Spanish* (Docket No. 58) is **MOOT**.[1]

**IT IS SO ORDERED.**

Date: July 29, 2005

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[1]  If the nonmoving party fails to file a timely opposition to the motion for summary judgment, the district court is entitled to consider the motion as unopposed and take the moving parties' statement of uncontested facts as true. *See* De La Vega v. San Juan Star, Inc., 377 F.3d 111, 116 (1st Cir. 2004); Velez v. Awning Windows, Inc., 375 F.3d 35, 41-42 (1st Cir. 2004); Euromodas, Inc. v. Zanetta, Ltd., 368 F.3d 11, 14-15 (1st Cir. 2004); Barrada v. Dep't of Educ. of P.R., 368 F.Supp.2d 137 (D.P.R. 2005).  However, this does not automatically entitle the moving party to summary judgment.  *See* De la Vega, 377 F.3d at 115.  "The district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."  Id. (*citing* Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989)); *see also* Stepanischen v. Merchants Despatch Transp. Corp., 772 F.2d 922, 929 (1st Cir. 1983).  Even if the motion for summary judgment is unopposed, the moving party must meet its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law.  De La Vega, 377 F.3d at 115-16; Barrada, 368 F.Supp.2d.  Finally, it has also been established that "it is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such a response is required by a local rule."  De La Vega, 377 F.3d at 116 (*citing* NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).  However, it is also equally clear that a district court **cannot** enforce its local rules in a way that conflicts with the Federal Rules of Civil Procedure.  Id.  Accordingly, this Court **cannot** enter summary judgment in favor of Kmart Corporation, in contravention to Fed.R.Civ.P. 56(e), solely as a sanction for Gonzalez Melendez's failure to timely respond to Kamart's motion for summary judgment.  Fed.R.Civ.P. 56 does not, in any way, allow such a disposition and entry of summary judgment for this reason only, and not on the merits of the request, translates into a clear error of law.  Id.