UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ELVIN GONZALEZ MELENDEZ**
Plaintiff

**CIVIL NO. 04-1067(DRD)**

v.

**K-MART CORPORATION**
Defendant

## ORDER

Pending before the Court is plaintiff Elvin Gonzalez Melendez's *Motion for Reconsideration*. (Docket No. 62). Through said motion, plaintiff requests the Court to reconsider its previous order denying a brief extension of time to file his opposition to defendant's motion for summary judgment. Plaintiff argues that his actions are distinguishable from particular case law in which the Court based its denial.[1] Plaintiff further avers that denying him the opportunity to oppose said motion for *brevis* disposition not only represents a severe and unduly harsh penalty placed upon them, but "constitutes a drastic measure and inequitable treatment toward this party [*vis a vis* defendant]".[2] In addition, to move the Court to reconsider its decision denying said extension, plaintiff states that not granting the extension then solicited "constitutes an abuse of discretion" from the Court. Finally, plaintiff concludes its petition by asking the Court to set a deadline for pre-trial motions regarding issues not discussed by defendant in its motion for summary judgment.

It is unquestionable that district courts possess within their discretion the faculty to order specific time periods for compliance with court-imposed and/or other deadlines. Accordingly within that discretion is the capacity to enlarge said time period, for good cause shown before the expiration of the period originally prescribed. *See* Fed.R.Civ.P. 6(b). Moreover, under Fed.R.Civ.P. 56(c), an adverse party may be given as little as ten (10) days to respond to a summary judgment motion. *See* Ramos-Pena v. New Puerto Rico Marine Management, Inc., No. 00-1228, 2001 U.S. App. LEXIS 16617, at *6 (1st Cir. Feb.8, 2001), Delgado-Biaggi v. Air Transport Local 501, 112 F.3d 565, 567 (1st Cir. 1997). Notwithstanding, even when this Court was authorized by the rules of procedure and interpretative case law to award plaintiff herein as little as ten (10) days to oppose defendant's request for summary judgment, plaintiff was generously provided with more than a month to prepare

---

[1] In essence, plaintiff purports, once again, that one counsel's trial in State Court against the **same defendants herein**, and another counsel's electrical problems while moving into new offices satisfies as a showing of good cause to warrant the granting of additional time to oppose notwithstanding that the Court, on more than one occasion, had forewarned that no extensions would be granted to case management deadlines. *See* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 5 (1st Cir. 2002) ("The fact that an attorney has other fish to fry is not an acceptable reason for disregarding a court order").

[2] The Court can only conclude that plaintiff did not fully understand the explanation at footnote 1 of the previous order wherein the Court explicitly explained that when considering an unopposed motion for summary judgment does not automatically entitle the moving party to said summary judgment. This is so, for any party moving for *brevis* disposition **must** meet its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *See Order*, July 29, 2005, docket number 61, fn.1.

his opposition in order to respond. Yet he failed to comply with this already extended deadline.[3]

The Court is equally unmoved by plaintiff's assertion that counsel had a hearing in State Court also against herein defendant. The record provided in the motion for reconsideration by plaintiff himself shows that plaintiff's counsel knew of said hearing since April 19, 2005, practically two months **before** the June 2, 2005 deadline imposed by the Court. That is to say, plaintiff's counsel not only had full knowledge of this Court's deadline and the State Court hearing since April 19, 2005, but remained silent as to that fact until she found herself, and her client, deprived, due to her own mismanagement, of the opportunity to oppose a motion for summary judgment. In the same manner, co-counsel must have also been aware of the fact that he was moving his office facilities around the scheduled deadline. The Court's answer to both of these contentions can only be to reiterate that systematically emphasized by the First Circuit: **"most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences."** Ramos-Pena, 2001 U.S. App. LEXIS at 7 (quoting Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 & n.3 (1st Cir. 1990) (quoting Schroeder v. Federal Nati'l Mortgage Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978) (*per curiam*))).

Furthermore, should counsel Celina Romany and counsel Felix Bello truly consider, as they have stated in their motion for reconsideration, that this Court has manifested "inequitable treatment [ ] *vis a vis* Defendant"; that "Defendant certainly received a different treatment that the one afforded to Plaintiff"; and "that the denial of [his] requested extension constitutes an abuse of discretion", they are free to file the pertinent motions thereto before this Court. Finally, as to counsel's suggestion to set a deadline for pre-trial motions, the Court reminds plaintiff counsel that all case management deadlines imposed by the Court regarding the filing of dispositive motions by **any** party have already elapsed, and, at this stage of the proceedings, to impose a new dispositive motion deadline that would only benefit one party would be overly dilatory to this case.

Based on the aforementioned reasons, the Court **DENIES** plaintiff's *Motion for Reconsideration*. (Docket No. 62).

**IT IS SO ORDERED.**

Date: January 13, 2006

s/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[3] The Court, upon the parties' request, had already extended the original deadline as scheduled during the Initial Scheduling Conference. *See Order*, January 21, 2005, docket number 35.