**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ELVIN GONZALEZ MELENDEZ,**
Plaintiff,

v.  **CIVIL NO. 04-1067(DRD)**

**KMART CORPORATION,**
Defendant

## OPINION AND ORDER

Plaintiff Elvin Gonzalez Melendez ("plaintiff") filed the instant action against the KMart Corporation ("KMart") pursuant to Puerto Rico Act 115 of December 20, 1991, P.R. Laws Ann. tit. 29 § 194 *et seq.*; Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141, and 5142; the Constitution of the Commonwealth of Puerto Rico; and Puerto Rico Act 80 of May 30, 1979, P.R. Laws Ann. tit. 29 § 185(a) for the alleged retaliation taken against him by KMart for plaintiff's participation (i.e. providing testimony) in a federal investigation of defendant's apparent insurance fraud. No federal claims were made by plaintiff. Hence, the case is on e of diversity jurisdiction pursuant to 28 U.S.C. §1332.

On January 3, 2006, the Court referred two pending motions in the instant case – defendant's *Motion for Judgment on the Pleadings* (Docket No. 39) and *Motion for Partial Summary Judgment* (Docket Nos. 41-43) – to Magistrate Judge Gustavo A. Gelpi for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b), and Local Rule 72.1(b). (Docket No. 66). The Magistrate, then, filed two reports and recommendations – one for each of the motions – ("RR") on January 13, 2006 and January 31, 2006 respectively. (Docket Nos. 67, and 70, respectively). In a concise but accurate RR, the Magistrate recommends that defendant's motion for judgment on the pleadings be denied provided that Act 115 does not exclude federal fora within the Commonwealth and the Serbanes-Oxley Act does not preempt state law claims.[1] The defendant timely field its objections to the RR on January 30, 2006. (Docket No. 69). Plaintiff remained silent as to this particular matter. Subsequently, in a thorough report, the Magistrate recommended that defendant's

---

[1] This matter later became moot as the Magistrate dismissed the claim under Puerto Rico Act 115 and plaintiff did not object.

motion for partial summary judgment be granted and, consequently, all of plaintiff's claims be dismissed. Plaintiff timely filed his objections to this second RR on February 14, 2006. (Docket No. 71). Defendant, after having been granted a short extension of time, opposed plaintiff's objections on March 3, 2006. (Docket No. 74).

The Magistrate correctly and clearly pointed out that any objections to the RRs must be filed with the Clerk of Court within ten (10) days after being served with a copy thereof. *See* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b). Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

Having both RRs been objected, the Court has conducted a *de novo* review of the record and proceeds to rule on the two pending matters.

**1.**      ***Motion for Judgment on the Pleadings*: (Docket No. 39)**

Defendant objects to the Magistrate's conclusion that the Puerto Rico whistleblower statute does not encompass whistleblowing to federal entities within the Commonwealth resting on the statute's legislative history (plaintiff provided testimony for a federal investigation, not a state investigation). The basis of said objection is that, by studying the Journal of Sessions of the Legislative Assembly regarding P.R. Laws Ann. tit. 29 § 194 *et seq.*, it is transparent that the Senate "made no attempt to modify of amend the text of Senate Bill 987 to include any forums [sic] beyond

those named in the Law's Statement of Motives". Defendant also argues that the whistleblower statute applicable to the instant case is the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(a)(1), which, in turn, preempts the application of state whistleblower statutes. Defendant, however, merely purports that the instant case is a "text-book case for the application of Sarbanes-Oxley," yet does not explain to the Court how the Sarbanes-Oxley Act *actually* preempts the application of state whistleblower statutes. As is defendant's contention that a reading of the clear and unambiguous text of the statutes is sufficient to deny the Magistrate's RR, the Court proceeds, then, to such a reading.

> The statement of motives of Act 115 states as follows:
>
> Present public policy has great regard for the protection of the rights of workers. This protection extends to the appearance of all workers before **any** forum [ ] when they appear before the Legislature or any of its Committees and **before administrative or judicial forums** [sic] in order to collaborate with said forums [sic].
>
> Section 2(a) further proscribes:
>
> No employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum **in** Puerto Rico, when such expressions are not of a defamatory character nor constitute disclosure of privileged information established by law.

Act 115, Id. (emphasis added).

Understanding that the letter of the law is neither ambiguous nor vague, the Court sees no reason to look beyond that stated therein to resolve the issue at hand. Accordingly, the Court finds that both, the statement of motives and the law itself, proscribe that Act 115's protection against retaliation encompasses the appearance of all workers before any forum **in** Puerto Rico rather than any forum **of** Puerto Rico. Furthermore, the protection encompasses any administrative and/or judicial forum without specifying local fora. Thus, the Court agrees with the Magistrate's conclusion that Law 115 does not exclude the federal fora within Puerto Rico – be it administrative

or judicial.

The same is concluded as to the applicability of the Serbanes-Oxley Act, 18 U.S.C. § 1514A(a)(1). Said statute provides as follows:

§ 1514A. Civil action to protect against retaliation in fraud cases:

(a) Whistleblower protection for employees of publicly traded companies. No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. 78*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d)), or any officer, employee, contractor, subcontractor, or agent of such company, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee –

> (1) to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348 [18 U.S.C.S. § 1341, 1343, 1344, or 1348], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by –
>
>> (A) a Federal regulatory or law enforcement agency;
>> (B) any Member of Congress or any committee of Congress; or
>> (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or
>
> (2) to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of section 1341, 1343, 1344, or 1348 [18 U.S.C.S. § 1341, 1343, 1344, or 1348], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

(b) Enforcement action.

> (1) In general. A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by--
>
>> (A) filing a complaint with the Secretary of Labor; or

> > (B) if the Secretary has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant, bringing an action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy.
>
> > (2) Procedure.
>
> > > (A) In general. An action under paragraph (1)(A) shall be governed under the rules and procedures set forth in section 42121(b) of title 49, United States Code.
> > > (B) Exception. Notification made under section 42121(b)(1) of title 49, United States Code, shall be made to the person named in the complaint and to the employer.
> > > (C) Burdens of proof. An action brought under paragraph (1)(B) shall be governed by the legal burdens of proof set forth in section 4212(b) of title 49, United States Code.
> > > (D) Statute of limitations. An action under paragraph (1) shall be commenced not later than 90 days after the date on which the violation occurs.
>
> (c) Remedies.
>
> > (1) In general. An employee prevailing in any action under subsection (b)(1) shall be entitled to all relief necessary to make the employee whole.
> > (2) Compensatory damages. Relief for any action under paragraph (1) shall include –
>
> > > (A) reinstatement with the same seniority status that the employee would have had, but for the discrimination;
> > > (B) the amount of back pay, with interest; and
> > > (C) compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees.
>
> (d) Rights retained by employee. **Nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law, or under any collective bargaining agreement.**

Sarbanes-Oxley Act, Id. (emphasis ours).

It is, therefore, pellucid from a reading of the statute, that a plaintiff seeking compensation

for damages pursuant to a retaliatory action of his employer for having participated in a federal investigation may very well file his or her cause of action under the Serbanes-Oxley Act and/or any other federal or state law or collective bargaining grievance committee providing a plaintiff with a remedy resulting in retaliation caused by whistleblowing for providing testimony before a governmental body. It is equally crystal that the Serbanes-Oxley Act itself recognizes such right and, the Court fails to find any preemption language as to the application of other federal or state laws regarding retaliation by an employer. Once again, the Court agrees with the Magistrate's assertion that said act does not preempt plaintiff's state law claim and adopts said recommendation.

Moreover, in deciding the potential applicability or scope of preemption, the Supreme Court has held that "any understanding of the scope of a preemption statute must rest primarily on a fair understanding of congressional purpose" and "congress' intent of course, primarily is discerned from the language of the preemption statute and the statutory framework surrounding it." Medtronic, Inc. v. Lohr, 518 U.S. 470, 484, 116 S.Ct. 2240, 2250 (1996) (citing Gade v. National Solid Wastes Management Assn., 505 U.S. 88, 111, 112 S.Ct. 2374, 2390 (1992); Cipollone v. Liggett Group Inc., 505 U.S. 504, 516, 112 S.Ct. 2680, 2617 (1992)); *see also* Paxton Stoutt v. Banco Popular de Puerto Rico, 158 F.Supp.2d 167, 176 (D.P.R. 2001); Saade Ferrer v. Banco Central Hispano-Puerto Rico, Inc., 142 F.Supp.2d 190, 195-96 (D.P.R. 2001). It is clear to the Court that §1514A(d) nullifies the purported existence, as is defendant's contention, of the often called *complete preemption bite* (impeding all state causes of action) when the federal statute involved expressly states that "**nothing in this section shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law, or under any collective bargaining agreement**".

Hence, Act 115 temporarily proceeds.

**2.**     *Motion for Partial Summary Judgment*: **(Docket No. 41)**

Plaintiff objects to the Magistrate's RR at docket no. 70.  Therein, plaintiff argues that the Magistrate erred when recommending to dismiss the causes of action pursuant to Articles 1802, and 1803, P.R. Laws Ann. tit. 31 §§ 5141, and 5142.  Plaintiff avers that the Magistrate could not do so provided that there still remained active a cause of action under Act 80.  Plaintiff's objections, however, remain silent as to the Magistrate's recommendation to dismiss his reprisal claim under Act 115.  Hence, since there is no objection on any section of the RR regarding the dismissal of the Act 115 causes of action, and finding no clear error on the Magistrate's RR,[2] the Court now adopts the Magistrate's thorough recommendation and **DISMISSES WITH PREJUDICE** all of plaintiff's claims **exclusively under Act 115**.

Notwithstanding the above, the Court recognizes that those claims brought forth pursuant to Act 80 and Articles 1802 and 1803 of the Civil Code of the Commonwealth of Puerto Rico remain active.  The Court notes that, to support his claims under Articles 1802, and 1803, in his objections to the Magistrate's RR, plaintiff argues that "the Complaint specifically alleges that Plaintiff was accused by the Defendant of manipulating inventory and seeks damages under the Additional Claims as a result of the false accusations stated by Defendant, its agents and managerial personnel, regarding the reason for his dismissal" and this, in turn, constitutes genuine issue of fact as to if the

---

[2] No objections to the RR have been filed in this case regarding the Magistrate's recommendation as to the Act 115 causes of action. Thus, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R & R**. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); Garcia v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

accusations made constitute slander. Thus, rather than supporting his Article 1802, and 1803 claim on the retaliation charges, plaintiff purports to be awarded with damages for an alleged slander. However, the Court notices that plaintiff averred an Article 1802, and 1803 cause of action **specifically only stating** "[t]he arbitrary and capricious way in which Defendant terminated Gonzalez' employment and the false accusations stated by Defendant, its agent and managerial personnel, regarding the reason for the [dismissal]" as the violation to his rights under the articles above. Complaint, at 12, ¶ 44.

From the Complaint, as drafted, plaintiff's Article 1802, and 1803 claims refer only to the procedure and the manner of termination without, even in the light most favorable to plaintiff, properly alleging a slander claim. Consequently, the Court deems plaintiff's averment of a slander cause of action pursuant to Articles 1802, and 1803 brought forth, for the first time at this stage of the proceedings, as an attempt to amend the Complaint. That is to say, plaintiff has, in essence, attempted to add a claim for slander even though from the allegations contained in the Complaint it stems that plaintiff did not seek redress under such contention. Plaintiff is simply too late into this suit's procession to attempt to interject new legal theories. The amendment is determined untimely for it comes at a time after: 1) discovery was finished and the Court had before it a request for *brevis* disposition; 2) all deadlines imposed by the Court's case management order had elapsed (Docket Nos. 25, and 35 – extending the CMO deadlines); 3) plaintiff's **untimely** filings to oppose the pending motion for summary judgment had been denied on various occasions; and 4) if allowed, this new legal theory would only serve to further delay the proceedings. *See* Grant v. News Group, 55 F.3d 1, 5-6 (1st Cir. 1995) (affirming the denial of a motion for leave to amend to add a claim to the complaint where the discovery period had ended and where the defendant had nearly completed

its motion for summary judgment); *Cf* Tiernan v. Blythe, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir. 1983) (finding prejudice to a party opposing late-filed motion to amend even where additional discovery was not necessary; the additional claims "may well have affected defendant's planned trial strategy and tactics" and would likely have "required additional time to prepare for trial"). It is incumbent on plaintiff to proffer a **valid** reason for having waited essentially two years to file such amendment. *See* Stepanischen v. Merchants Dispatch Transp. Corp., 722 F.2d 922, 933 (1st Cir. 1983). Yet, plaintiff has failed to do so here. Of course, filing of a summary judgment outside the managment order provided by the Court is equally not to be authorized. *See* Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315-16 (1st Cir. 1998) (holding that a court need not consider Summary Judgment filed beyond the set deadline). Consequently, the Court deems plaintiff's Article 1802, and 1803 causes of action exclusively related to the procedure and the manner of termination without, even in the light most favorable to plaintiff, properly alleging a slander claim.

Finally, plaintiff's Act 80 cause of action merely states that his "termination of employment constitutes unjust dismissal under Puerto Rico Law No. 80[.] Therefore Plaintiff is entitled to be indemnified in accordance with Law No. 80 on his years of employment with Defendant." Id., ¶ 47. Accordingly, the Court **ORDERS** plaintiff **TO SHOW CAUSE** why the instant claim should not be dismissed for failure to meet the jurisdictional amount as to the Act 80 cause of action, and to **SHOW CAUSE** why the causes of action under Articles 1802 and 1803 should not be dismissed considering settled case law indicating to Act 80's nature as the provider of **exclusive** remedies, thus, preempting causes of action under Articles 1802 and 1803 for damages arising from the alleged unjust dismissal. *See* Negron v. Caleb Brett U.S.A., Inc., 212 F.3d 657, 669 (1st Cir. 2000); Rodriguez v. Eastern Airlines, Inc., 816 F.2d 24, 27-28 (1st Cir. 1987); Hopgood v. Merrill Lynch,

Pierce, Fenner & Smith, 839 F.Supp. 98, 109-10 (D.P.R. 1993) *aff'd*, 36 F.3d 1089 (1st Cir. 1994); Segarra Hernandez v. Royal Bank, 145 P.R. Dec. 178 (1999); Porto v. Bentley, P.R., Inc., 132 P.R. Dec. 331 (1992);[3] Rivera v. Security Nati'l Life Ins. Co., 106 P.R. Dec. 517 (1977).

The Court need not go further.  Therefore, the Court **ADOPTS IN TOTO** the Magistrate's RR (Docket No. 39) and **ADOPTS IN PART** the Magistrate's RR (Docket No. 41).  Henceforth, defendant's motion for partial summary judgment is **GRANTED exclusively** as to all Act 115 causes of action.  Pending before the Court are only the Act 80 claim for severance with an outstanding order to show cause as to compliance with the jurisdictional amount and the claims for damages under Articles 1802, and 1803 also with an outstanding order to show case why the Court should not strike them from the record due to Act 80's exclusive remedy disposition.

**IT IS SO ORDERED.**

DATE: March 17th, 2006                                         S/ Daniel R. Dominguez
                                                               **DANIEL R. DOMINGUEZ**
                                                               **U.S. DISTRICT JUDGE**

---

[3] The Court recognizes that, under Puerto Rico statutes and interpretative caselaw, a slander and/or liable cause of action may be brought forth *in tandem* with actions pursuant to Puerto Rico's Act 80.  *See also* Velez Rodriguez v. Pueblo Int'l, Inc., 135 P.R. Dec. 500 (1994); In re Palmas del Mar, 932 F.Supp. 36 (D.P.R. 1996) Gierbolini Rosa v. Banco Popular de Puerto Rico, 930 F.Supp. 712 (D.P.R. 1996); *see generally* P.R. Laws Ann. tit. 29 § 185(a), and (b).  Notwithstanding, as discussed above, the Complaint, as drafted, clearly does not raise a cause of action for slander under Article 1802, and 1803.